IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL BERNARDINI,

       Plaintiff,                         No. CIV S-09-1134 FCD GGH PS

    vs.

JAMES WALKER, et al.,

       Defendants.                 ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        On May 29, 2009, this court ordered plaintiff to file an amended complaint after finding that plaintiff had stated a claim for relief against defendant Callahan only, but not against the other defendants.  On August 6, 2009, plaintiff filed a "response to the magistrate judge's May 29, 2009 answer; notice of appeal; notice of change of address."  Plaintiff requests that he be given an extension of thirty more days to file an amended complaint.  He also includes new claims which he terms, "supplement to this complaint."

        Plaintiff's request for extension of time will be granted.  Plaintiff is reminded, however, that he must allege specifically how each defendant violated his constitutional rights. Plaintiff continues to refer to numerous doe defendants and is also reminded that doe pleading in

1

the federal courts is not favored as a general rule.  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  Therefore, plaintiff must name each defendant in his amended complaint.

Furthermore, plaintiff is informed the court cannot refer to prior pleadings or supplements in order to make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's August 6, 2009 request for an extension of time is granted; and

2.  Plaintiff is granted thirty days from the date of this order in which to file an amended complaint.  Failure to file an amended complaint will result in a recommendation that defendants Cate, Schwarzenegger, and Walker be dismissed from the original complaint.

3.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: August 24, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Bernardini1134.2am

2